**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRENDA SELL,**

    **Plaintiff,**

**v.**                                                                  **Case No.: 8:25-cv-2542-JLB-AAS**

**AMERICAN BANKERS**
**INSURANCE COMPANY OF**
**FLORIDA,**

    **Defendant.**
_____/

## <u>ORDER</u>

Plaintiff Brenda Sell moves to compel Defendant American Bankers Insurance Company of Florida (American Bankers) to serve full and complete responses to Plaintiff's First Set of Interrogatories and First Request for Production, serve amended responses to Plaintiff's First Request for Admissions, require American Bankers to comply with Rule 26(b)(5) and the Hurricane Scheduling Order as to any claim of privilege or work product protection, and for reasonable fees and expenses in bringing this motion. (Doc. 21). American Bankers responded in opposition. (Doc. 22).

Upon review, the parties failed to engage in a substantial meet and confer. Local Rule 3.01(g) and the Middle District of Florida Discovery Handbook require the parties to engage in a substantial meet and confer

discussion before filing motions. In addition, the Hurricane Case Management and Scheduling Order explicitly defines the meet and confer requirement. It states, "'Meet and Confer' means to discuss issues during a real-time dialogue. An exchange of emails or other correspondence may complement the discussion but alone does not suffice." (Doc. 8, p. 5).

American Bankers alleges no substantial meet and confer occurred and that Ms. Sell's counsel ignored American Bankers' attempts to have a real-time meet and confer discussion. (Doc. 22, pp. 6–7). In addition, Ms. Sell's motion violates Local Rule 3.01(g) because it does not include a 3.01(g) certification. The information contained in paragraph 111 of the motion does not suffice.

Accordingly, the motion is **DENIED without prejudice** for failure to comply with the meet and confer requirement. *See Hoffman v. Arizona Beverages USA, LLC*, No. 6:23-CV-1213-JSS-LHP, 2025 WL 2379266 at *2 (M.D. Fla. Aug. 15, 2025) (denying without prejudice for failure to conduct a substantive meet and confer). By **May 13, 2026**, the parties must participate in a substantial meet and confer to discuss the outstanding discovery issues. If the parties cannot mutually agree on a date and time to hold the meet and confer, then the meet and confer shall occur on **May 8, 2026, at 2:00 p.m**. via video conference. After the parties meet and confer, they must file a joint notice advising the court of the time, date, method, participants, length, and outcome

of the meet and confer.

      **ORDERED** in Tampa, Florida on April 29, 2026.

 

AMANDA ARNOLD SANSONE
United States Magistrate Judge